UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BERNINI DRIVE TRUST, | Case No. 2:12-cv-02134-APG-PAL |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE TO THE LAS VEGAS JUSTICE COURT** |
| ZULFIYA S. KARIMOVA, | |
| Defendant. | |

On December 14, 2012, defendant Zulfiya S. Karimova ("Karimova") filed a Notice of Removal. (Dkt. No. 1.) Plaintiff Bernini Drive Trust ("Bernini") filed the underlying ejectment action in the Las Vegas Justice Court on October 31, 2012. (*Id.* at 9–10.) On January 24, 2013, this court ordered Karimova to show cause as to why this case should not be remanded for lack of subject matter jurisdiction because the parties appeared to be Nevada citizens and the face of the Complaint does not raise a federal question. (Dkt. No. 8.)

On February 7, 2013, Karimova responded. (Dkt. No. 9.) She argues that this case implicates issues of federal law because, in a related case currently before this court, she is suing Bernini (and various others) for violations of the federal Fair Debt Collection Practices Act ("FDCPA"). *Karimova v. Alessi & Koenig et al.*, No. 2:13-cv-00151-JCM-CWH. She seems to contend that federal question jurisdiction is proper in this case because Bernini's alleged violations of the FDCPA are a defense to eviction.

Although Bernini has not moved to remand, the court has an independent duty to examine its own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Two grounds

1    exist for subject matter jurisdiction in federal court: diversity jurisdiction under 28 U.S.C. § 1332
2    and federal question jurisdiction under 28 U.S.C. § 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500,
3    501 (2006). Diversity jurisdiction requires that all plaintiffs be "citizens of different states" from
4    all defendants (i.e., "complete diversity") and that the amount in controversy be at least $75,000.
5    28 U.S.C. § 1332(a), (b). For the purposes of diversity jurisdiction, "[a] trust has the citizenship
6    of its trustee or trustees." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899
7    (9th Cir. 2006).

8    The federal question statute provides that "the district courts shall have original
9    jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United
10   States." *Id.* § 1331. Federal question jurisdiction is governed by the "'well-pleaded complaint
11   rule,' which provides that federal jurisdiction exists only when a federal question is presented on
12   the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S.
13   386, 392 (1987).

14   Whether the basis for removal is diversity jurisdiction or federal question jurisdiction, the
15   proponent of federal jurisdiction has the burden to prove, by a preponderance of the evidence, that
16   removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d
17   1102, 1106–07 (9th Cir. 2010). "Removal jurisdiction . . . must be rejected if there is any doubt
18   as to the right of removal . . . ." *Id.* at 1107 (internal quotation marks and citation omitted).

19   Karimova's filings do not indicate Bernini's state(s) of citizenship nor the amount in
20   controversy. Karimova's allegation that Bernini's citizenship is unknown, (Dkt. No. 1 at 3), is
21   insufficient to establish diversity of citizenship. *See Casparian v. Allstate Ins. Co.*, 689 F. Supp.
22   1009, 1010 (N.D. Cal. 1988) ("The presence of unknown and unidentified parties may defeat
23   diversity, as there is always the possibility that an unknown defendant is from the same state as
24   the plaintiff . . . ."). Karimova also alleges that Iyad Haddad ("Haddad") is the trustee of Bernini
25   but does not state Haddad's state of citizenship. (*See* Dkt. No. 9 at 2.) Even if Haddad were not a
26   citizen of Nevada, however, diversity jurisdiction is not proper because Karimova has failed to
27   prove that the amount in controversy is at least $75,000.
28

As to federal question jurisdiction, the Complaint pleads only a state law cause of action for ejectment. Karimova's apparent reliance on issues of federal law as defenses to ejectment do not comport with the "well-pleaded complaint rule," and thus there is no basis for federal question jurisdiction.

Accordingly, the court hereby ORDERS this case REMANDED to the Las Vegas Justice Court.

DATED this 11th day of JULY, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE